# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GREGORY RIVERS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-10-913-R |
| PETE HOGAN, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Rivers, an Oklahoma inmate appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violation of the Oklahoma and United States Constitutions during his incarceration at the Cimmaron Correctional Facility ("CCF") [Doc. No. 1]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In accordance with the undersigned's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), CCF has conventionally filed a Special Report. *See* Doc. No. 17. Defendant Hogan has filed a motion for summary judgment [Doc. No. 33], and Defendants Middleton and Haynes have filed a motion to dismiss [Doc. No. 18], which the Court should convert to a motion for summary judgment.[1] Plaintiff has responded to both motions. [Doc.

---

[1] In part, Defendants Middleton and Haynes relied on documents contained in the Special Report. Ordinarily the Court should give the parties notice that it intends to convert a motion to dismiss to one for summary judgment. *See Nichols v. U.S.*, 796 F.2d 361, 364 (10th Cir. 1986). But failure to do so is not reversible error when a party "does not attempt to exclude the supporting documents, but files its own [documents] in response." *Id.* Here, Plaintiff relies on the Defendants' documents to support his claim for relief and provides his own documents. [Doc. No. 22, p. 4 &

Nos. 22, 41]. For the reasons that follow, the undersigned recommends that Defendants' motions be granted.

**<u>Plaintiff's Complaint</u>**

In the nature of the case, Plaintiff states that[2]

> Plaintiff was approved to receive a kosher diet. Kosher dites was mandated by the 10th U.S. Court of Appeals to be offered for religious reasons. A Correctional Officer named Williams alleged plaintiff gave some food item to another inmate at meal time. Based upon the allegation Defendant without authority of policy removed plaintiff from kosher food line. He was denied a hearing to call witnesses or enter evidence. He has had to go without food but for what he could obtain from the prison canteen. He filed an Emergency Grievance that was denied to be an Emergency by D.L. Morton 15 June 2010. Plaintiff is denied kosher food by their acts and actions. Further Defendant Hogan and Middleton have and do now provide a mixed kosher non-kosher diet to those of the kosher diet line that does not conform to Jewish laws and has not made any try to correct it. The acts and actions have violated my Constitutional Rights.

[Doc. No. 1, p. 2].

In the first of three counts, Plaintiff maintains that the decision to remove him from the kosher diet without a hearing violated his rights to due process under the Oklahoma and United States constitutions. *Id.* at p. 3. In claim two, Plaintiff alleges that application of the "Religious Test" violates his rights under "Art. I, Section §2 Oklahoma Constitution," "First Amendment of Bill of Rights to U.S. Constitution," and "the 8th Amendment and Art. II § 9 of the Oklahoma Constitution." *Id.* In his third and final count, Plaintiff claims that "MIXED KOSHER NON-KOSHER FOODS" violates the "1st, 8th and 14th Amendments

---

Exhibits I-VIII].

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

of the Bill of Rights to U.S. Constitution." *Id.* at p. 4.

**Standard of Review**

**Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while a *pro se* plaintiff's complaint is liberally construed, a *pro se* plaintiff must adhere to the same rules of procedure which are binding on all litigants. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a *pro se* plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined that

> the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Analysis

### Exhaustion of Administrative Remedies

Defendants seek summary judgment on grounds that Plaintiff has not exhausted his administrative remedies. [Doc. No. 18, pp. 2-7; Doc. No. 33, pp. 13-15]. Because "no unexhausted claim may be considered[,]" *Jones v. Bock,* 549 U.S. 199, 220 (2007), the issue of exhaustion is addressed before reaching the merits of Plaintiff's case.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner exhaust *all* available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones,* 549 U.S. at 211. A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. Further, to satisfy the exhaustion requirement, Plaintiff's grievances must "provide prison officials with enough information to investigate and address [his] complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruling on other grounds recognized*, *Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

4

Defendants contend – and Plaintiff does not argue otherwise – that prior to initiating this lawsuit Plaintiff was required to exhaust his administrative remedies pursuant to the DOC grievance procedures, OP-090124. *See* Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124 [Special Report, Exhibit 6].

The record includes copies of Plaintiff's grievance attempts under that policy [Special Report, Exhibit 8; Doc. 22, Exhibits I-VIII], and there is no mention in any of the documents of the alleged unconstitutionality of the "Religious Test" (count two) or the "mixed kosher and non-kosher foods" (count three). Because the evidence establishes that Plaintiff has not given prison officials any opportunity to investigate or address these concerns, the claims are unexhausted and Defendants are entitled to summary judgment on counts two and three.

**Count One - The Alleged Denial of Due Process**

Defendants maintain that Plaintiff does not have a liberty interest in his kosher diet, and therefore lacks any due process rights. [Doc. No. 18, pp. 7-8; Doc. No. 33, pp. 29-38]. Plaintiff makes only a cursory response, essentially reasserting his initial allegation. [Doc. No. 22, p. 4].

To maintain his claim that he was entitled to a hearing before having his kosher diet restricted, Plaintiff must show that Defendants interfered with a recognized liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) ("'to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest'" (citation omitted)). A liberty interest

may arise where the conditions impose an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, while Plaintiff has alleged that he suffered injury as a result of temporary restriction in receiving a kosher diet, Plaintiff has failed to establish a protected liberty or property interest in a kosher diet. *See Mosier v. Alexander*, 2006 WL 3228703, Westlaw op. at 3 (W.D. Okla. Nov. 7, 2006) (assuming the truth of plaintiff's allegation that he was suspended from receiving kosher diet for thirty days without a hearing or notice, and holding that allegation did not state a claim for violation of due process); *Russell v. Wilkinson*, No. 03-3427, 79 Fed. Appx. 175, 178 (6th Cir. Oct. 24, 2003) (holding that revocation of inmate's kosher diet for violation of prison food policy did not amount to an atypical or significant hardship, and granting defendants summary judgment on the inmate's due process claim); *Rogers v. U.S.*, 696 F.Supp.2d 472, 500-501 (W.D.Pa. 2010) (inmate lacked a protected liberty or property interest in receiving a Halal diet); *Dove v. Broome County Correctional Facility*, 2011 WL 1118452, Westlaw op. at 12 (N.D.N.Y. Feb. 17, 2011) (dismissing prisoner's claim that he was placed on thirty day restriction from kosher diet in violation of due process because claim did not rise to the level of a cognizable liberty interest); *Gutman v. Wriggelsworth*, 2010 WL 1814816, Westlaw op. at 2-4 (W.D. Mich. Feb. 4, 2010) (same); *Daly v. Lappin*, 2006 WL 468723, Westlaw op. at 3 (S.D.Ill. Feb. 27, 2006) (dismissing with prejudice inmate's claim that denial of kosher diet implicated a liberty interest for purposes of due process).

On this issue, Plaintiff has failed to make a showing of entitlement to due process, and summary judgment is appropriate. *See Celotex,* 477 U.S. at 322-23 ("[T]he plain language of Rule 56 . . . mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *see also Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000).

**<u>Pendant State Law Claims</u>**

Plaintiff also invokes the Oklahoma Constitution. *See supra* pp. 2-3. As discussed above, Defendants should be granted summary judgment on Plaintiff's federal civil rights claims. In accordance with 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Therefore, if the Court adopts the current recommendation, it is recommended that supplemental jurisdiction be declined over Plaintiff's state law claims and that those claims be dismissed without prejudice.

**Result of Recommendations on Pending Motions**

For the reasons stated above, Defendants are entitled to summary judgment on all of Plaintiff's federal claims, and the Court should decline supplemental jurisdiction over Plaintiff's state law claims.[3] Thus, the remaining pending motions: Plaintiff's Petition for Temporary Injunction [Doc. No. 38] and Defendant Hogan's Motion to Strike the Prisoner Plaintiff's Surreply to Defendant Hogan's Motion for Summary Judgment [Doc. No. 47], are moot.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that the Defendants' motions for summary judgment [Doc. Nos. 18, 33] be granted. In addition, it is recommended that the Court decline to exercise supplemental jurisdiction over any state law claims in the complaint. Finally, if this recommendation is adopted, the pending motions [Docs. 38, 47] should be denied as moot.

The parties are advised of their right to object to this Report and Recommendation by July 14, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3] In light of the recommendation for summary judgment on grounds of nonexhaustion and a lack of due process, the Court need not address the Defendants' other grounds for summary judgment.

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 24th day of June, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE